IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO ex rel. LILLIAN
SANCHEZ, JOSE E. MAESTAS, BAUDY J.
MARTINEZ, TONY P. MARTINEZ, JR., and
ANTONIO A. MEDINA,

       Petitioners,

vs.                                                                                      No. CIV 00-120 JC/LCS  (ACE)

THOMAS C. TURNEY, New Mexico
State Engineer,

       Respondent,

  and

UNITED STATES FISH AND WILDLIFE
SERVICE,

       Real Party in Interest.

**MEMORANDUM OPINION AND ORDER TO REMAND**

THIS MATTER came on for consideration of Petitioners' Motion to Remand, filed February 17, 2000 *(Doc. 8)*, and Respondent State Engineer's Motion to Remand, filed February 24, 2000 *(Doc. 13)*. The Court has reviewed the motions, the memoranda, the submissions by the parties and the relevant authorities. The Court finds that the motions to remand are well taken and will be granted. Accordingly, the Court will remand this case to the First Judicial District Court of the County of Santa Fe, New Mexico.

**I.**       **Factual and Procedural Background**

In February of 1999, the New Mexico State Engineer approved a water right application filed by the United States Fish and Wildlife Service ("FWS") for an annual diversion of approximately 48 acre-feet of ground water for use at the Mora National Fish Hatchery and Technology Center

("fish hatchery"). Pursuant to the State Engineer's permit, the FWS was authorized to divert up to a maximum of approximately 968 acre-feet of water, provided that it propose a "return flow plan," acceptable to the State Engineer, regarding the disposition of water used at the fish hatchery and returned to the Mora River. In August of 1999, the State Engineer approved a return flow plan proposed by the FWS that would divert the maximum amount of ground water allowable under the permit. Petitioners protested the State Engineer's approval of the water right application and the proposed return flow plan.

On November 30, 1999, Petitioners filed a Petition for Writ of Mandamus in the First Judicial District Court of Santa Fe County, New Mexico, seeking to void the State Engineer's approval of the FWS return flow plan. Petitioners also named the FWS in the Petition as a "Real Party in Interest." On January 31, 2000, the United States removed this case to federal court on behalf of the FWS. Petitioners and the State Engineer move for remand, asserting that this Court does not have subject matter jurisdiction because this case is not an action against the FWS. The United States argues that removal is proper because the relief sought in this action will have a significant impact on an important federal purpose.

**II.     Discussion**

The United States removed this case pursuant to 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) of 28 U.S.C. provides that:

> (a) A civil action or criminal prosecution commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district . . . :
>
> (1) The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

To qualify for removal under this statute, a federal agency must (1) raise a colorable federal defense, *see Mesa v. California*, 489 U.S. 121, 129 (1989), and (2) establish that the suit is "for a[n] act under color of . . . office." 28 U.S.C. § 1442(a)(a). The second requirement is met if the federal agency shows a nexus or "'causal connection' between the charged conduct and asserted official authority." *Willingham v. Morgan*, 395 U.S.. 402, 409 (1969) (quoting *Maryland v. Soper (No. 1)*, 270 U.S. 9, 33 (1926)). The United States, as the removing party, bears the burden of establishing federal jurisdiction over this matter. *See Wilson v. Republic Iron & Steel*, 257 U.S. 92, 97 (1921); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1286 (1999).

The issues and arguments raised in these motions were recently addressed by the Honorable James A. Parker in *Ski Area Containment Coalition ("S.A.C.C.") v. New Mexico State Engineer*, No. CIV 99-1376 JP/RLP, Mem. Op. and Order to Remand *(Doc. 36)*, filed June 20, 2000. In *S.A.C.C.*, the petitioner sought review of the New Mexico State Engineer's order authorizing the United States Forest Service ("Forest Service") and a private ski company to divert an increased amount of water for snow making purposes. As in this case, the United States removed the case based on 28 U.S.C. § 1442(a)(1), and the State Engineer moved for remand, asserting that the federal court lacked subject matter jurisdiction. The court in *S.A.C.C.* determined that the United States satisfied the first requirement for proper removal by raising the colorable federal defense of sovereign immunity. However, the court found that the United States did not demonstrate a causal connection between the petitioner's claim and the acts of the Forest Service in order to establish the second requirement of showing that the suit was for "an act under color of office." Based on the United States' failure to meet the second removal requirement, Judge Parker concluded that the court lacked subject matter jurisdiction and remanded the *S.A.C.C.* case to state court.

The case before this Court is remarkably similar to the *S.A.C.C.* case, and the issues and arguments raised by the motions to remand are nearly identical. Here, the United States also raises the colorable federal defense of sovereign immunity. However, as did the court in *S.A.C.C.*, I find that the United States similarly fails to demonstrate a sufficient nexus between Petitioners' claim and the acts of the federal agency. Thus, the United States does not satisfy the second removal requirement of showing that the suit is for "an act under color of office." Accordingly, I conclude that this Court lacks removal jurisdiction over this matter.

Here, the United States argues that its application to change the use of its water rights is "clearly federal action" and that the relief sought by Petitioners will adversely impact the important federal purposes associated with the Fish Hatchery. It may be true that the FWS' action set in motion the chain of events leading to the State Engineer's approval of a disputed return flow plan. However, as was the case in *S.A.C.C.*, Petitioners dispute only the State Engineer's approval, not the federal agency's act in filing its proposed plan. Moreover, it is insufficient for removal purposes that a federal property interest is involved, if the federal agency is not accused of wrongdoing or threatened with a state-imposed penalty. *See, e.g., National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 499, 504-506 (E.D. Cal. 1980) (claims that may affect the United States' utilization of its water rights not removable).

In this case, even a broad reading of the petition does not permit a view that Petitioners challenge any federal acts or rights. Petitioners do not dispute the water rights of the United States or the FWS, nor do they seek any remedies from the United States. Petitioners do not allege any wrongdoing on the part of a federal officer or agency. Furthermore, a judgment in this case would neither restrain nor compel the actions of the United States, nor expend itself on the United States treasury. Therefore, this case involves no significant federal interest warranting removal. Because

-5-

the United States fails to demonstrate a sufficient nexus between Petitioners' claim and federal action, it cannot satisfy the second removal requirement under 28 U.S.C. § 1442(a)(1). I conclude that the Court lacks removal jurisdiction over this case and it will be remanded to the First Judicial District Court of the County of Santa Fe, New Mexico.

Wherefore,

IT IS ORDERED that Petitioners' Motion to Remand *(Doc. 8)* and Respondent State Engineer's Motion to Remand *(Doc. 13)* are **granted**. This case is hereby **remanded** to the New Mexico State Court, First Judicial District, Santa Fe County, New Mexico.

DATED this 28th day of June, 2000.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Petitioners:

    Peter Thomas White
    Santa Fe, New Mexico

Counsel for Respondent State Engineer:

    Leticia Sheridan
    Special Assistant Attorney General
    State Engineer Counsel
    Santa Fe, New Mexico

Counsel for Real Party in Interest:

    John W. Zavitz
    Assistant U. S. Attorney
    U. S. Attorneys' Office
    District of New Mexico
    Albuquerque, New Mexico